[Crim. No. 2570.   First Dist., Div. Two.   June 15, 1949.]

THE PEOPLE, Respondent, v. WILLIAM COYNE, Appellant.

David S. Lull for Appellant.

Fred N. Howser, Attorney General, David K. Lener, Deputy Attorney General, and N. J. Menard, District Attorney, for Respondent.

GOODELL, J.—By an information the appellant was accused of murder, in that on December 19, 1947, in Santa Clara county he did "willfully, unlawfully, feloniously, and with malice aforethought, kill and murder Raymond Coyne." Incidentally, he was charged with carrying a deadly weapon, a .25 caliber Colt automatic pistol, without a license. He pleaded not guilty.

He was tried by jury and a verdict of guilty of murder of the first degree was returned, fixing the punishment as confinement in the state prison for life. Incidentally, the jury found that appellant was armed with a deadly weapon at the time of the murder. A motion for new trial was denied and this appeal was taken from the judgment and from the order denying a new trial.

There were several eyewitnesses to the homicide, which occurred in an inn near Cupertino on the evening of December 19, 1947.

The principal question presented for decision is whether there was prejudicial error in an instruction relating to intoxication.

Raymond Coyne was a brother of appellant, the decedent having been aged 27, and appellant 39, at the time. The brothers had not seen each other for four or five years until the day in question but they were apparently on good terms; at any rate no ill-feeling had existed as far as the record shows.

On the afternoon of December 19, decedent called at appellant's home, while appellant was at work. On arriving from work appellant had dinner and with it drank considerable port wine. After dinner decedent returned to appellant's home and brought his wife with him. He had with him a "fifth" of whiskey most of which the two brothers drank at the house. Their mother was visiting in Santa Clara County and the brothers decided to call on her. On leaving his home appellant put into his pocket a .25 caliber Colt automatic so that, according to his testimony, it would not be available to a 14-year-old boy who lived at the house. On their way to visit their mother they stopped at a bar where each of them had two drinks.

According to the testimony the brothers were on friendly terms at that time and place, and appellant appeared to be sober. From there the two went to another bar, where they were joined by decedent's wife and another woman, and the brothers had two or three more drinks. A witness who arrived about 11 p. m. testified that she observed decedent arguing

with several patrons, and later saw decedent and appellant engaged in an argument in which the former said to the latter, "You are my brother, and I don't want to fight you" to which appellant replied, "Don't try to make a monkey out of me." She testified further that appellant grabbed decedent's shirt, and tore it, but she added that she thought this was only horseplay. She said "it sounded like when people are drinking they will boisterously catch hold of each other." About 10 minutes later appellant jostled or shoved decedent's wife, whereupon decedent told his brother to desist. The same witness testified that the next thing she knew appellant said "I'll kill you" and in the same breath the shots were fired. She saw appellant take the pistol from his pocket and fire it.

Section 22 of the Penal Code reads: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any particular purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

Appellant tendered an instruction in the exact language of the section. Instead of giving it the court instructed the jury as follows: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition." This is the exact language of the first sentence of section 22 but the second sentence thereof was omitted. The court then added "In other words, voluntary intoxication is never a defense, neither is it an excuse. And the reason for that salutary rule is too obvious to require any comment at my hands, because if it were otherwise, if a person wanted to commit a crime, all he would have to do would be to go out and get drunk, commit it, and he would have a perfect defense. That is not the law in this state."

The case of *People* v. *Hill*, 123 Cal. 47 [55 P. 692] is directly in point. There a youth of 18 was convicted of murder of the first degree and sentenced to life imprisonment. He had been drinking prior to the shooting and there was testimony that he was intoxicated. Defendant requested an instruction reading as follows: "If you should believe from the evidence that at the time of the killing the defendant in this case was intoxicated, or under the influence of intoxicating liquors, you may and should take into consideration such fact in determining

the degree of the crime of which the defendant is guilty, if you believe him guilty of any crime.'' The court refused it and gave no instruction at all on the subject of intoxication. The Supreme Court said, ''There is no doubt that this instruction was correct, and that appellant was entitled to have it given, unless some special reason appears warranting its refusal . . . and it has been repeatedly held that in a trial for murder the jury, in determining whether there was that 'willful, deliberate, and premeditated killing' which constitutes murder in the first degree, may consider the fact that the accused at the time of the homicide was intoxicated [citations].'' It was claimed by the attorney general in that case that there was not sufficient evidence of intoxication to make the instruction applicable, but the court held otherwise.

The importance of the failure in the instant case to give the instruction in the language of section 22 in its entirety is made clear by the following language in the Hill case: ''Of course, if a person kills another under such circumstances that the killing is neither manslaughter nor excusable or justifiable homicide, he is guilty of murder, although he may have been intoxicated at the time of the homicide; but murder is not necessarily murder in the first degree; in order to be of the first degree the killing must have been 'willful, deliberate, and premeditated'; in determining whether or not the killing was so willful, deliberate and premeditated as to constitute murder in the first degree, it is proper for the jury to consider how much his mental condition at the time was affected by intoxication, and, there being an express statutory declaration upon the subject of intoxication, a defendant in a murder case is entitled to have an instruction embracing such statutory declaration given by the court to the jury where there is evidence which makes it applicable; and, for the refusal of the court to give the instruction under discussion the judgment must be reversed and a new trial ordered.''

Respondent concedes that it would have been better had the instruction been given in the language of section 22 in its entirety, but argues that the question ''is whether the record shows evidence of intoxication to the extent that appellant was incapable of forming a deliberate attempt [intent?] essential to murder in the first degree.'' It is true that there was some difference of opinion among the several witnesses with respect to appellant's intoxication and the extent or degree thereof. Two physicians examined him after the shooting and gave him a test. These varying opinions as to appellant's

condition need not be discussed at any length. The fact that an instruction on intoxication (though inadequate) was given, indicates that the trial judge had satisfied himself that the evidence was, as said in the Hill case, sufficient to put that question "within the province of the jury." His judgment on this question would seem to settle all doubts in the matter.

The appellant complains also of the failure of the court to give eight other instructions. We see no necessity to pass upon these other problems. In recent years our Supreme Court has decided a number of cases wherein it has laid down definitive rules respecting instructions in felony cases. It is to be assumed that on the retrial of this case such rules will be followed with respect to instructions which must be given on the court's own motion, and otherwise.

The failure to give the instruction in the language of section 22 was unquestionably prejudicial error.

The judgment of conviction and the order denying a new trial are reversed and the cause remanded for a new trial.

Nourse, P. J., and Dooling, J., concurred.